**ALSTON & BIRD**

The Atlantic Building - 950 F Street, NW Washington, DC 20004-1404

**Brian D. Frey**  Direct Dial: **+1 202 239 3067**  Email: **brian.frey@alston.com**

July 21, 2023

VIA CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse, Room 705
40 Foley Square
New York, NY 10007

Re:   *Bank of America, N.A. v. John Does 1 through 7*; Case No. 23-cv-3604
        Pre-Motion Letter on behalf of VTB Bank (Europe) SE i.L. ("VTBE")

Dear Judge Gardephe:

VTB Bank (Europe) SE i.L. ("VTBE") intends to file an answer and crossclaim seeking a declaratory judgment. *See* 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). VTBE then intends to move for judgment on the pleadings on three issues: (1) venue is properly laid in this Court; (2) this Court can in this case exercise personal jurisdiction over all parties to the action; and (3) this action should not be stayed in favor of the parallel proceeding in the Western District of North Carolina. *John Does 1 through 7 v. The Taliban*, No. 3:20-mc-00206 (W.D.N.C. Dec. 14, 2020) ("WDNC Action"). The other parties will not consent to the planned motion.

As detailed more fully in the Parties' Joint Letter filed July 13, 2023, (Dkt. 23), VTBE is a German bank. VTBE has opened an account with Plaintiff Bank of America, N.A. ("BANA"), which BANA maintained on the books of its New York branch. VTBE has no ties whatsoever to North Carolina or the United States of America in general other than the account with BANA. Nonetheless, the Doe Defendants brought the WDNC Action in North Carolina without naming VTBE as a party and without properly serving VTBE and have effectively litigated the entire case to date, including obtaining a writ of execution and seeking an order for the turnover of nearly $80 million of VTBE's money, without any opposition. Indeed, when VTBE became aware of the WDNC Action and sought to intervene, Does *opposed* such intervention, apparently under the belief that they should be permitted to have VTBE declared to be an agent or instrumentality of the Taliban or the other Judgment Debtors and to seize VTBE's money without VTBE ever being heard on the matter. It was only after BANA filed this case that Does indicated a willingness to consent to VTBE's intervention, which VTBE presumes is because Does hope to avoid having the matter litigated in this district. As of this filing, VTBE is still not a party to the WDNC Action and has no assurance that it will have any opportunity to demonstrate that it has absolutely no connection to the Taliban or the other Judgment Debtors and that the funds at issue are funds of VTBE, which VTBE hopes to use to pay outstanding debts to its many innocent customers as a part of its wind down and solvent liquidation under the supervision of Germany's financial supervisory authority and Germany's sanctions authority Bundesbank and in compliance with the

Alston & Bird LLP                                                                                                                     www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

license issued to VTBE by OFAC. VTBE therefore respectfully submits that this Court should acknowledge that venue and jurisdiction exist and permit this case to move forward in the ordinary course.

## I. Venue is proper in the Southern District of New York.

Venue is proper in a civil action: (1) in a judicial district where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claim arose; or (3) where the defendants are subject to personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Any civil action of interpleader or in the nature of interpleader under section 28 U.S.C. § 1335 may be brought in the judicial district in which one or more of the claimants reside. 28 U.S.C. § 1397.

Here, all defendants do not reside in the same state, so 28 U.S.C. § 1391(a)(1) cannot provide a basis for venue. Inasmuch as the events giving rise to the claim have any connection to the United States, that connection is to the Southern District of New York—the situs of the BANA account that is the subject of this action. If 28 U.S.C. § 1391(a)(2) can provide a basis for venue anywhere in the United States, it is therefore the Southern District of New York. Third, VTBE is a German financial institution that is only subject to personal jurisdiction in the Southern District of New York for actions related to or arising from the account it opened in this district. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1026 (2021) (specific personal jurisdiction is only proper if the suit arises out of or relates to the defendant's contacts with the forum). The only possible venue under subsection three is therefore this district.

Under the interpleader venue statute (28 U.S.C. § 1397), venue is proper in the judicial district in which one or more of the claimants reside. *See also United States Life Ins. Co. v. Silverstein*, 94 Civ. 1417 (JFK), 1994 U.S. Dist. LEXIS 15326 (S.D.N.Y. Oct. 28, 1994) (transfer of venue proper to district where one of claimants lived because under 28 U.S.C. § 1397, venue for interpleader action is proper in any district where one of claimants resides). "[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Here, for this specific case, VTBE "resides" in the Southern District of New York for venue purposes. Venue for this case is therefore proper in this district under the interpleader venue statute.

Accordingly, under the general venue statute and the interpleader venue statute, venue is proper in the Southern District of New York. VTBE therefore respectfully submits that the Court declare itself a proper venue for this action.

## II. This Court has personal jurisdiction over all the parties.

Under New York law (N.Y. C.P.L.R. § 301), which governs whether a foreign corporation is amenable to suit in this Court, a court may "exercise jurisdiction over a foreign corporation on any cause of action if the defendant is engaged in such a continuous and systematic course of 'doing

business' here as to warrant a finding of its 'presence' in this jurisdiction." *Havlish v. Royal Dutch Shell PLC*, 13 Civ. 7074 (GBD), 2014 U.S. Dist. LEXIS 138835, *6 (SDNY 2014). "Several factors are relevant to a finding that [a defendant] is 'doing business' in New York, including 'the existence of an office in New York; the solicitation of business in New York; **the presence of bank accounts or other property in New York**; and the presence of employees or agents in New York.'" *Id.* quoting *Schultz v. Safra Nat'l Bank of New York*, 377 F. App'x 101, 102 (2d Cir. 2010) (emphasis added). VTBE opened the bank account at issue in this district's jurisdictional reach. BANA acknowledged this fact in the WDNC Action as a basis for bringing the interpleader action in this Court. In BANA's response to Doe's turnover motion, BANA stated, "[b]ecause VTB Europe is a foreign financial institution with no known contacts with the State of North Carolina, entering a turnover order only in this Court, without formally joining VTB Europe, posed a substantial risk of double liability for BANA. Accordingly, on April 28, 2023, BANA initiated an interpleader action in the Southern District of New York, where the blocked account[ was] opened, and where VTB Europe [. . . is] subject to personal jurisdiction." WDNC Action, Dkt. 32, ¶¶ 5-6.

The Court also has jurisdiction over Does. Statutory interpleader provides for nationwide service of process. 28 U.S.C. § 2361 ("[I]n any civil action of interpleader or in the nature of interpleader under section 1335 of [28 U.S.C.], a district court may issue its process for all claimants … and [such process] shall be … served by the United States marshal for the respective districts where the claimants reside or may be found."); *see State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 529 n.3 (1967) (statutory interpleader enables plaintiff to employ nationwide service of process). Claimants in a statutory interpleader proceeding—like the Does—"may be served with process anywhere in the United States, even if they lack minimum contacts with the state in which the federal interpleader court sits." *4 Moore's Federal Practice - Civil § 22.04* (2023); *see also Gen. Acci. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1087 (D. Conn. 1984) ("In statutory interpleader, nationwide service of process is available under 28 U.S.C. § 2361, thus permitting a stakeholder to reach claimants in a number of states.").

Accordingly, this Court can exercise personal jurisdiction over the necessary parties.

### III. The Court should not stay this action in favor of the parallel proceeding in the Western District of North Carolina.

For the reasons set forth in section I, *supra*, venue is improper in the Western District of North Carolina. Ultimately, it will be up to the WDNC court to dismiss the parallel action or transfer it to this Court under 28 U.S.C. § 1404(a) or U.S.C. § 1406(a). Nevertheless, this Court should declare itself a proper venue, exercise jurisdiction over the parties, and decline to stay the action in favor of the WDNC Action. VTBE is confident that its motion to intervene will be granted by the WDNC court, after which VTBE will move to dismiss or transfer the WDNC Action to this Court.

When an action is filed laying venue in the wrong district, if the district court decides transfer is "in the interest of justice," it may transfer it to "any district or division in which it could have been brought." U.S.C. § 1406(a). The phrase "in which it could have been brought" has been construed to mean that the proposed transferee forum must have been one in which it would have been proper

to file the action initially, that is, it would have had proper venue and personal jurisdiction over the defendants. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (district court properly denied motion to transfer action to district in which venue would not have been proper).

This Court need not concern itself with the "first-to-file rule." The first-filed action is only entitled to deference when it was filed in a proper venue. *See, e.g., 17 Moore's Federal Practice - Civil § 111.13* (2023). Here, venue is improper in the WDNC Action, so the "rule" has no application.

The facts of this case clearly establish that this district is the appropriate venue for this matter to move forward. The account at issue is situated in this district. *See* BANA's Compl. ¶ 11. This Court, unlike the WDNC court, can therefore exercise *quasi in rem* jurisdiction over the Does and VTBE to adjudicate their claims to the account. *Id. See Caballero v. Fuerzas Armadas Revolucionarias De Colombia*, 562 F. Supp. 3d 867, 885 (C.D. Cal. 2021) ("A district court can obtain *quasi in rem* jurisdiction over property situated within its geographical borders."). It is also the natural "locus of operative events." *See City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*, 10 Civ. 376, 2010 U.S. Dist. LEXIS 50410, at *8 (S.D.N.Y. May 20, 2010).

When VTBE opened its account, it agreed to BANA's standard Deposit Agreement and Disclosures, which provided that "[a]ny arbitration, lawsuit or other proceeding regarding your account must be brought in the state where we opened or, if different, currently maintain your account; and you submit to the personal jurisdiction of that state." BANA's Compl. ¶ 12. Because the account was opened and maintained at BANA's New York branch located in this district, VTBE agreed to venue and personal jurisdiction here (not in North Carolina). VTBE is an international financial institution. It opened an account in New York because New York City is the hub of global finance. This case should therefore be heard in New York.

Importantly, the WDNC Action also raises due process concerns for VTBE that are not an issue in this Court. The court in the WDNC Action issued a writ authorizing the seizure of almost $80 million without ever hearing argument from the owner of the property and without any basis to assert jurisdiction over the owner. "Due Process is satisfied by the underlying judgment and by the implicit requirement under TRIA that the [c]ourt make a finding that [the third party] is an agency or instrumentality of the judgment debtor before [judgment creditor] can obtain the turnover of [third party's] blocked assets." *See Caballero v. Fuerzas Armadas Revolucionarias De Colombia*, 562 F. Supp. 3d at 885. This Court is the proper forum to decide whether VTBE is an agent or instrumentality of the Judgment Debtors—which Does could never establish in any contested proceeding given VTBE's complete lack of ties to the Taliban or the other Judgment Debtors—and whether the Does may recover from VTBE's New York-based assets—which they cannot given the absence of any ties between VTBE and the Judgment Debtors.

Further, VTBE has never been served properly in WDNC Action in accordance with the Hague Convention. *See Shanbhag v. Yannic Dupont & Titan Transp., Ltd.*, No. 7:20-cv-00120, 2020 U.S. Dist. LEXIS 211568, at *14 (D.S.C. Nov. 12, 2020) (Hague Convention applies to civil matters where documents are served abroad (quotation omitted)). Does' purported service did not involve the German Central Authority responsible for effecting service and to whom requests for service

Pre-Motion Letter
VIA CM/ECF
Page 5

must be addressed. *See id.*; WDNC Action, VTBE's Mot. to Intervene, Dkt. 21-1 at 5; VTBE's Reply in Supp. of Mot. to Intervene, Dkt. 28 at 9-10. BANA, in its joint letter to this Court (Dkt. 23 at 3), acknowledged that service should be effectuated according to the Hague Convention stating, "Counsel for BANA informed counsel for Does that BANA wished to serve VTBE with process according to the Hague Convention. Though not in agreement, to accommodate, Does agreed to request that the actual turnover be stayed while BANA effected service of process." *Id.* The lack of proper service upon VTBE is fatal to Does' contention that jurisdiction exists in the WDNC Action. *See Weininger v. Castro*, 462 F. Supp. 2d 457, 491–92 (S.D.N.Y. 2006) (finding that "personal jurisdiction over an action against a foreign state (or its agencies or instrumentalities) is achieved by the existence of subject matter jurisdiction under [28 U.S.C.] § 1330(a) plus service of process in accordance with [28 U.S.C.] § 1608").

VTBE has also never taken any action to subject itself to personal jurisdiction in the WDNC Action. In VTBE's Motion to Intervene in the WDNC Action (Dkt. No. 21-3), VTBE stated that it "waives no defenses—jurisdictional or otherwise." *See, e.g.*, *Caballero v. Fuerzas Armadas Revolucionarias de Columbia*, No. 20-mc-80146-JST, 2021 U.S. Dist. LEXIS 84403, at *6 (N.D. Cal. Apr. 12, 2021) ("We do not see why an intervenor should be considered to have automatically consented to the jurisdiction of the court. The intervenor has consented to something, but it is not personal jurisdiction. Rather, the quid pro quo for his intervention is that he consents to have the district court determine all issues in the case, including issues of jurisdiction, venue and service of process." (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007)).

Does are likely to argue that personal jurisdiction over VTBE in the WDNC Action is not required because "the court need only have *in personam* jurisdiction over the garnishee . . . ." *N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 583 (S.D.N.Y. 2012). There is some authority for that position as a matter of New York state law, but it is not clear that would be the case under North Carolina state law—which is what would likely apply in the WDNC Action. BANA does business in all 50 states plus the District of Columbia. Surely, it cannot be the case that Does can require VTBE to appear in *any* judicial district to enjoy the due process attendant to protecting its property.

All relevant parties are present in this action with the opportunity to be heard on the merits. That is not true in the WDNC Action, where VTBE's motion to intervene is still pending. Does have opposed and obstructed VTBE's effort to intervene in the WDNC Action until recently. *See, e.g.,* WDNC Action, VTBE's Mot. to Intervene, Dkt. 21; Does' Resp. in Opp'n to Mot. to Intervene, Dkt. 26; VTBE's Reply in Supp. of Mot. to Intervene, Dkt. 28; Does' Surreply to Mot. to Intervene, Dkt. 31. VTBE remains only a putative intervenor in the WDNC Action, leaving it without any assurances that it will be able to oppose the turnover of its assets and receive due process to dispute the merits that it is not an agent or instrumentality of the Judgment Debtors.

The assets that are the subject of this litigation are based in New York, where VTBE voluntarily opened the account in question and where it was maintained. All the necessary parties are joined in this action with an opportunity to be heard on the merits. VTBE therefore respectfully submits that this Court should declare that it is a proper venue for this action to proceed, and it should decline to stay proceedings in favor of the North Carolina action because this Court is a superior venue.

ALSTON & BIRD LLP

*/s/ Brian D. Frey*
Brian D. Frey
Jason Waite
Alicia Badley
950 F Street NEW
Washington, DC 20004
Telephone: (202) 239-3067
Facsimile: (202) 870-6435
alicia.badley@alston.com
brian.frey@alston.com
*Attorneys for VTB Bank (Europe) SE i.L*

cc: Counsel of Record