**ALSTON & BIRD**

The Atlantic Building - 950 F Street, NW Washington, DC 20004-1404

**Brian D. Frey**  Direct Dial: **+1 202 239 3067**  Email: **brian.frey@alston.com**

July 27, 2023

VIA CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse, Room 705
40 Foley Square
New York, NY 10007

Re: *Bank of America, N.A. v. John Does 1 through 7*; Case No. 23-cv-3604
Response to Pre-Motion Letter on behalf of VTB Bank (Europe) SE i.L. ("VTBE")

Dear Judge Gardephe:

VTB Bank (Europe) SE i.L. ("VTBE") submits this response to the pre-motion letter filed by John Does 1 through 7 ("Does"). ECF No. 26.

Does argue that this action must be dismissed or stayed in favor of *John Does 1 through 7 v. The Taliban*, No. 3:20-mc-00206 (W.D.N.C. Dec. 14, 2020) ("WDNC Action"). They assert that this action is "duplicative" and seeks to "usurp" the WDNC Action, and that this Court does not have personal jurisdiction over Does. But this action is in a better procedural posture than the WDNC Action to litigate this dispute, and this Court can exercise personal jurisdiction over Does. For the reasons set forth below, VTBE respectfully submits that this Court should decline to stay or dismiss the action, acknowledge this venue is proper and that jurisdiction exists, and permit this case to move forward in the ordinary course.

### I. The Court should not credit the unopposed proceedings in the WDNC Action in determining issues of jurisdiction and venue.

Does argue that venue is proper in the Western District of North Carolina—where they have benefited from proceeding *ex parte* against VTBE's assets—because that is where Does contend that Bank of America, N.A. ("BANA") "maintains" the blocked account at issue. ECF No. 26 at 1. As set forth in VTBE's pre-motion letter, it will be up to the WDNC court to determine whether it is a proper venue and dismiss the parallel action or transfer it to this Court, but this Court should not accept Does invitation to rely on the unopposed proceedings in the WDNC Action to decide the issues here.

Does argue that BANA "maintains" the blocked account in the Western District of North Carolina. ECF No. 26 at 1. VTBE contends, as BANA itself has acknowledged, that the situs of the account is this District—where VTBE's account was opened and maintained on the books of BANA's New York branch. VTBE opened the account with Plaintiff BANA. BANA maintained the account on the books of its New York branch. VTBE has no connection whatsoever with North Carolina.

Alston & Bird LLP   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Pre-Motion Letter
VIA CM/ECF
Page 2

Does point out that they "had once before, and successfully, proceeded against a similar blocked account." ECF No. 26 at 1. But they fail to mention that they did so unopposed. Does moved against the allegedly blocked assets of Waldemar Lorenzana Lima and Agroexportadora HLP S.A., who did not appear or respond. *See* WDNC Action, ECF No. 14 ("Waldemar Lorenzana Lima and Agroexportadora HLP S.A. also were provided notice of these proceedings and failed to respond."). That *ex parte* determination should be given no weight by this court because the account holder did not appear and make any challenge to Does execution action—on substantive, jurisdictional, or due process grounds.

Does also argue that the WDNC Action has "advanced substantially." ECF No. 26 at 2. In reality, however, any purported "advancement" has been entirely *ex parte* without VTBE having any opportunity to be heard. Indeed, VTBE is still not a party to the WDNC Action. As a putative intervenor, it has had no opportunity to challenge the Court's jurisdiction, make venue arguments, or offer any other opposition, including raising Does' failure to properly serve VTBE pursuant to the Hague Convention. Because the WDNC court has not ruled on VTBE's motion to intervene, VTBE still has no assurances that it will be afforded the opportunity to meaningfully challenge the turnover of its assets in the WDNC Action.

Does note that the WDNC court made a preliminary finding, subject to further proof, that VTBE "is an agency or instrumentality of the Taliban." ECF No. 26 at 2. As has been the case throughout the WDNC Action, however, the court made that preliminary determination without hearing from VTBE. *See* WDNC Action, ECF No. 16. Had VTBE been a party to the action, it would have opposed (or moved to vacate) the writ, and it will do exactly that if it is allowed to intervene. In addition to Does' blatantly false factual allegations, VTBE also has defenses related to jurisdiction, venue, and service of process that it will raise, if permitted. In any event, VTBE has no ties whatsoever to the Taliban, and Does have not provided any proof to the contrary.

In sum, the WDNC Action has not meaningfully "advanced" in any respect given that VTBE has never been heard on any issue in the action.

II. **The posture of this action compared to the WDNC Action raises distinct issues.**

Does argue that this case is "duplicative" and seeks to "usurp" the WDNC Action. ECF No. 26 at 1. However, because VTBE is not a party to the WDNC Action, and the Does have proceeded *ex parte* to this point, the issues in this case are not identical. Both cases generally concern the question of whether Does may satisfy their judgment by executing on VTBE's assets, but that is essentially where the overlap ends.

Contrary to Does' contention that discussion of venue issues is "unfounded" (ECF No. 26 at 2), these issues are in fact critical to adjudicating this action. VTBE is not a party to the WDNC Action, which means this Court is a superior forum for adjudicating the relevant substantive dispute. Because Does have been proceeding unopposed in the WDNC Action, that court has not had to grapple with the jurisdiction, venue, and service issues that VTBE has the right (but until now, not the opportunity) to raise. As a result, due process will be satisfied only in this action.

VTBE's position remains that the WDNC court should not have issued a writ of execution and that it lacks jurisdiction to enter a turnover order. *See Doe v. Ejercito De Liberacion Nacional*, No. 15 CV 8652-LTS, 2015 U.S. Dist. LEXIS 167993, at *6 (S.D.N.Y. Dec. 16, 2015) ("[A]ccount holders are constitutionally entitled to due process in connection with any legal determination as to their status as agencies or instrumentalities; no such determination has yet been made."); *Stansell v. Revolutionary Armed Forces of Colom.*, No. 8:09 CV 2308, ECF No. 1056, 2015 U.S. Dist. LEXIS 168582 (S.D. Fla. July 22, 2015) (withdrawing garnishment order due to lack of jurisdiction). Does have not identified any North Carolina authority in support of their arguments regarding jurisdiction in the WDNC Action.

At any rate, even Does now concede that VTBE must be "given the opportunity to be heard." ECF No. 26 at 3. They cite *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 741 (11th Cir. 2014), in support of the proposition that VTBE has been afforded adequate due process in the WDNC Action. But *Stansell* is distinguishable because, as the court noted, the party challenging their designation was allowed to appear and litigate the issue:

> First, they filed a motion to quash the writs of garnishment issued to UBS and BOA on November 2, 2011. Then, on February 12, 2013, they filed a brief opposing a lift of the stay. Finally, they filed multiple motions opposing entry of judgment. Therefore, because they appeared, the appellants were not prejudiced by the lack of notice because they received actual notice.

*Id.* at 746. VTBE has not been afforded that opportunity in the WDNC Action, where VTBE remains a putative intervenor and has not been allowed to substantively litigate the issues. Indeed, it has not been heard at all.

Far from seeking to derail or usurp the WDNC Action, VTBE seeks only to litigate this action in a forum where it can advance its arguments and defenses. That forum is the Southern District of New York.

### III. The Court should not stay this action.

Does argue that the first-filed WDNC Action should be given priority over this action. They cite *Readick v. Avis Budget Grp., Inc.*, No. 12 Civ. 3988, 2014 U.S. Dist. LEXIS 58784, (S.D.N.Y. Apr. 25, 2014), for the proposition that, generally, where there are two competing lawsuits, the first suit should have priority. ECF No. 26 at 3. But in *Readick*, this Court stayed a putative class action pending resolution of a parallel putative class action filed in another district. This case is easily distinguishable.

In *Readick*, this Court found that the following factors weighed in favor of a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5)

the public interest." *Id.* at *5. Here, those factors weigh against a stay. No delay will ensue by litigating the action in this Court because VTBE has not even been allowed to intervene in the WDNC Action as of the filing of this letter. The burden on VTBE of having to litigate in a forum where it did not avail itself of the privilege of doing business is inconsistent with due process. The courts have an interest in hearing from all necessary parties to properly determine the substantive issues in this matter. Finally, the interest of non-parties and the public favors adjudicating this suit after hearing from both sides.

Does also assert that the WDNC court should determine which forum should hear the case. ECF No. 26 at 3-4. The cases Does cite for that "bright-line rule" are inapposite because they are founded on the premise that the two parallel actions are identical or duplicative. *See Berkley Assurance Co. v. Macdonald-Miller Facility Sols.*, No. 19-CV-7627, 2019 U.S. Dist. LEXIS 217761, at *8 (S.D.N.Y. Dec. 16, 2019) ("Here, neither party disputes that this action and the Washington declaratory judgment action are duplicative of each other."); *Comcast Corp. v. Rovi Corp.*, No. 16-CV-3852, 2016 U.S. Dist. LEXIS 128948, at *11 (S.D.N.Y. Sep. 16, 2016) ("The parties do not dispute that the ITC action and one of the EDTX actions—the -322 action—are essentially identical."). Here, for the reasons set forth above, the actions are not duplicative or identical. This interpleader action raises distinct issues based on its procedural posture and named parties, even if the subject matter potentially overlaps with the WDNC Action.

VTBE respectfully submits that this Court should declare that it is a proper venue for this action to proceed on the merits and should decline to stay proceedings in favor of the WDNC Action.

### IV. The Court should not dismiss this action.

Does claim that the WDNC court is already exercising *in rem* jurisdiction over the account at issue, which precludes this Court from exercising *in rem* or *quasi in rem* jurisdiction. Generally, an action in the nature of interpleader (this case) is an *in personam* proceeding. *See N.Y. Life Ins. Co. v. Dunlevy*, 241 U.S. 518, 521 (1916) (interpleader action to determine rights to surrender value of insurance policy was "an attempt to bring about a final and conclusive adjudication of [claimant's] personal rights, not merely to discover property and apply it to debts."). If this Court invokes its *in personam* jurisdiction, it would not be exercising *in rem* jurisdiction over a *res* within another Court's jurisdiction.

As VTBE alluded to in its pre-motion letter, this Court has—in some cases—treated interpleader actions as *quasi in rem* proceedings. *See Krishna v. Colgate Palmolive Co.*, No. 90 Civ. 4116, 1991 U.S. Dist. LEXIS 8912, at *9–10 (S.D.N.Y. July 2, 1991), *rev'd on other grounds,* 7 F.3d 11 (2d Cir. 1993) (court allowed quasi *in rem* jurisdiction based on 28 U.S.C. § 1655 lien enforcement provision). But, even if this Court treats this action as a *quasi in rem* proceeding, it need not yield to the WDNC court's jurisdiction. To the extent that the WDNC court "has already exercised jurisdiction over the blocked assets" (ECF No. 26 at 5), VTBE—as a non-party—has not yet had the opportunity to challenge that purported exercise of jurisdiction. The WDNC court's determinations are—as Does admit—"preliminary" and arose entirely from uncontested, *ex parte* proceedings by Does. ECF No. 26 at 2.

This Court also has jurisdiction over all parties for this case, including Does. The Court addressed similar jurisdictional considerations in *Doe v. Ejercito De Liberacion Nacional*, which arose in connection with an interpleader action filed by JP Morgan related to contested bank accounts and related efforts to obtain turnover of those accounts. 2015 U.S. Dist. LEXIS 167993 at *7–8. In that case, two parties sought to assert competing claims against accounts of Tajideen, Grand Stores, and Tajco, claiming that they were instrumentalities of U.S. designated terrorist organization Fuerzas Armadas Revolucion de Colombia ("FARC"). *Id.* at *3–4. As the Court explained, the resolution of the threshold question of whether those entities were in fact agents or instrumentalities of FARC "requires that the Court have personal jurisdiction over Doe [Plaintiff], JP Morgan [the bank where the account at issue was held], Tajideen, Grand Stores, and Tajco." *Id.* at *7. The Court also refused to dismiss the case on the grounds that one of the parties seeking turnover of the funds claimed that they were not subject to personal jurisdiction in the Southern District of New York due to the nature of personal jurisdiction in an interpleader action. As the Court explained:

> The parties named by JP Morgan [in its interpleader action] are all potential or actual claimants to the accounts named in Doe's petition for a turnover order. However, this Court's evaluation of Doe's petition requires only, for purposes of Federal Rule of Civil Procedure 19, the participation of JP Morgan and the named owners of the accounts JP Morgan holds. If the Stansell Respondents [the other party claiming entitlement to the accounts] wish to assert a competing claim as to those accounts, they must appear before this Court and litigate that claim.

*Id.* at *13–14. Thus, while personal jurisdiction over VTBE is necessary for the Court to consider whether VTBE is properly deemed an agent or instrumentality of the Taliban or the other Judgment Debtors—which it is not—it is not necessary for Does to have any contacts with this district for the Court to exercise jurisdiction over Does in the context of this interpleader action. 28 U.S.C. § 2361 ("[I]n any civil action of interpleader or in the nature of interpleader under section 1335 of [28 U.S.C.], a district court may issue its process for all claimants . . . and [such process] shall be . . . served by the United States marshals for the respective districts where the claimants reside or may be found."); *see State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 529 n.3 (1967) (statutory interpleader enables plaintiff to employ nationwide service of process); *Gen. Acci. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1087 (D. Conn. 1984) ("In statutory interpleader, nationwide service of process is available under 28 U.S.C. § 2361, thus permitting a stakeholder to reach claimants in a number of states.").

There are no procedural barriers to this action proceeding on the merits. This District is a superior forum for this case because its procedural posture will provide VTBE with a chance to be heard and to fairly litigate this dispute. There is no reason for this Court to defer to the WDNC Action, which has proceeded *ex parte* and unopposed. For the reasons set forth above and in VTBE's pre-motion letter (ECF No. 29), this Court should decline to stay or dismiss the action, acknowledge that venue and jurisdiction exist, and permit this case to move forward in the ordinary course.

Pre-Motion Letter
VIA CM/ECF
Page 6

ALSTON & BIRD LLP

*/s/ Brian D. Frey*
Brian D. Frey
Jason Waite
Alicia Badley
950 F Street NEW
Washington, DC 20004
Telephone: (202) 239-3067
Facsimile: (202) 870-6435
alicia.badley@alston.com
brian.frey@alston.com
*Attorneys for VTB Bank (Europe) SE i.L*

cc: Counsel of Record